**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                      Criminal No. 10-cr-147-01-SM

<u>Phillip Yee</u>

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on October 4, 2010, for the purpose of determining whether to detain defendant, Phillip Yee, who has been indicted on a charge of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

Before the detention hearing, the government brought to the court's attention that it believes Donald A. Kennedy's continued representation of the defendant constitutes a "conflict of interest."  By way of procedural background, at defendant's initial appearance, the court appointed Mr. Kennedy to represent the defendant.  Thereafter, the government communicated its concerns regarding the conflict in conversations with Mr. Kennedy and court staff.  At the request of court staff, Attorney Glenn Geiger appeared at the hearing.  Mr. Kennedy objects to the government's attempt to

1

remove him. Mr. Kennedy has filed a motion regarding the same (Doc. No. 8).

The government made a detailed proffer on the conflict issue; Mr. Kennedy responded by proffer of his own. The court engaged in a brief colloquy with defendant about his right to conflict-free counsel. Defendant expressed an understanding of the right and indicated that he understood the arguments being asserted by the government. Defendant expressed an unequivocal desire to have Mr. Kennedy represent him at the detention hearing. As such, the court proceeded with the detention hearing and permitted Mr. Kennedy to represent the defendant.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g), a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and

characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety

of the community.  Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case."  United States v.

4

Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion. Id. at 380-81.

Here, the government and the defendant agreed to conduct the hearing by offers of proof. The government did not press the argument that defendant was a flight risk. Rather, the government argued that defendant's release would pose a danger to the community. For the reasons stated more fully on the record in this case, I find that the government, aided by the presumption, satisfied its burden of persuading the court that there are no conditions or combination of conditions that will reasonably assure the safety of the community. I further find that the proffer by the government shows, by a preponderance, that defendant poses a risk of flight.

In so finding, the court stated on the record the factors upon which it relied. I summarize those factors below:

- The weight of the evidence is strong.
- The nature of the charged offense involves the sale of narcotics, an inherently dangerous activity.
- With the exception of a girlfriend with whom he has ties, defendant lacks strong familial or other ties to the community. Defendant has been unemployed for 18 months and has been living with a girlfriend who has supported him financially for this time. Defendant has two

children of his own; he has no contact with either of them. Defendant has a father and two sisters, but he has no relationship with any of them.

- By his admission, defendant is a drug user.  Marijuana is his drug of choice.  Defendant tested positive for marijuana on the date of his initial appearance.

- The most important factor in the analysis of risk of danger is defendant's criminal record.  Defendant has two prior state convictions for sale of controlled drugs (1993 and 1999).  Both convictions yielded state prison sentences.  Each conviction resulted in defendant's release on parole.  Defendant violated parole on two occasions for his 1993 conviction; defendant violated parole on one occasion for his 1999 conviction. Defendant has multiple other convictions for driving offenses, including a conviction for habitual offender in 2007.

- Because of defendant's lengthy criminal record, he will be deemed a "career offender."  If convicted, defendant faces a significant period of incarceration.

- While the government's delay in obtaining this indictment (charges stem from alleged conduct in June 2007) cuts

　　　　against the government's "dangerousness" argument, the court is nonetheless persuaded, by clear and convincing evidence, that defendant's release, even on strict conditions, would pose a risk of danger to the community.
- Moreover, and despite the fact that the government did not press the issue of defendant's flight risk, I find that the totality of this record provides evidence sufficient by a preponderance that defendant poses a risk of flight.

　　Upon full consideration of the arguments offered by the government and defense, and for the reasons stated on the record, I am satisfied that the government has met its burden of persuading the court that defendant's release, even on strict conditions, would pose both a danger to the community and a risk of flight.  For the reasons listed <u>supra</u> and stated on the record, find that there are no conditions or combination of conditions that will assure defendant's appearance and the safety of the community. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

　　The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 5, 2010

cc: Glenn G. Geiger, Esq.
    U.S. Attorney
    U.S. Probation
    U.S. Marshal